1  Benjamin S. Akley (State Bar No. 278506)
   *bakley@pryorcashman.com*
2  Shamar Toms-Anthony (State Bar No. 323246)
   *stoms-anthony@pryorcashman.com*
3  **PRYOR CASHMAN LLP**
4  1901 Avenue of the Stars, Suite 900
   Los Angeles, California 90067-2302
5  Tel: (310) 683-6900
6  *Attorneys for Plaintiff Peter Millar LLC*

7

8  **UNITED STATES DISTRICT COURT
    EASTERN DISTRICT OF CALIFORNIA**

9

| | |
|---|---|
| PETER MILLAR LLC, a Delaware limited liability company, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | 1) **FEDERAL TRADEMARK INFRINGEMENT** [15 U.S.C. § 1114]; |
| PETER MILLAR LP, a California limited partnership, and DOES 1 through 10, | 2) **FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION** [15 U.S.C. § 1125(a)]; |
| Defendants. | 3) **COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT;** AND |
| | 4) **VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW** [Cal. Bus. & Prof. Code § 17200 *et seq*.] |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff Peter Millar LLC ("Plaintiff" or "Peter Millar"), by and through its undersigned counsel, hereby alleges as follows:

## JURISDICTION

1. This court has original jurisdiction under 28 U.S.C. § 1331, in that it is a civil action arising under the Constitution, laws, or treaties of the United States.

2. This action arises, *inter alia*, under the Lanham Act, 15 U.S.C. § 1114 *et seq.* and 15 U.S.C. § 1125 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121 because Plaintiff's claims arise, in part, under the Lanham Act. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over Plaintiff's claims arising under the laws of the State of California.

3. This Court has personal jurisdiction over Defendants because, upon information and belief, they are residents of, based in, and at home in Bakersfield, California.

## VENUE

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

5. Plaintiff Peter Millar LLC is a limited liability company organized and existing under the laws of the State of Delaware.

6. Defendant Peter Millar LP (the "Fake Peter Millar Entity") is a California limited partnership, with its principal place of business in Bakersfield, California, with a mailing address and principal office of 3830 Saco Road, Bakersfield, CA 93308.

# FACTUAL ALLEGATIONS

A. <u>Plaintiff and Its PETER MILLAR Mark and Trade Name</u>

7. Plaintiff was incorporated in Delaware in 2009 and is registered to do business in California. Attached hereto as <u>Exhibit A</u> is a true and correct printout of the State of Delaware's Division of Corporations online entity details for Plaintiff.

8. Plaintiff is a wholly owned subsidiary of Richemont International SA, a luxury goods holding company and a global leader in apparel, leather goods, jewelry, watches, fashion and accessories.

9. Since its inception in 2001, the Peter Millar brand has been creating timeless and signature apparel and accessories with an eye towards understated style and modern functionality. Over the years, Peter Millar has become synonymous with sophistication in the sports world, becoming one of the top brands sponsoring and affiliated with the U.S. Professional Golf Association, Major League Baseball, and many collegiate teams and conferences. This year, Peter Millar is the official outfitter of the 125th U.S. Open at Oakmont.

10. Peter Millar sells its products through its website www.petermillar.com, at its brick-and-mortar boutiques across the country, and through third party retailers both in stores and online, such as Nordstrom.

11. In order to further protect the valuable brand, Peter Millar has obtained federal registrations for the mark PETER MILLAR covering goods across Classes 3, 9, 18, 25, and 28. The registrations for the PETER MILLAR mark are outlined in the table below (collectively, the "<u>PETER MILLAR Registrations</u>"):

| Mark | Class(es) | U.S. Reg. No. | Reg. Date |
|---|---|---|---|
| PETER MILLAR | 25 | 2,881,454 | Sep. 07, 2004 |
| PETER MILLAR | 3, 9, 18 | 5,297,581 | Sep. 26, 2017 |

| | | | |
|---|---|---|---|
| PETER MILLAR | 3, 9, 18, 25, 28 | 7,244,547 | Dec. 12, 2023 |
| PETER MILLAR (with crown) | 25 | 4,170,918 | Jul. 10, 2012 |
| PETER MILLAR | 18, 25 | 6,183,989 | Oct. 27, 2020 |

12. The current status and title information maintained by the USPTO and the registration certificates for each of these PETER MILLAR Registrations are attached hereto as Exhibit B. The PETER MILLAR Registrations are valid and subsisting and in full force and effect, and they constitute evidence of Plaintiff's exclusive right to use the PETER MILLAR mark throughout the United States with respect to, *inter alia*, men's and women's clothing. Further, three of these registrations are incontestable under the provisions of 15 U.S.C. §1065.

13. Peter Millar has invested enormous time, effort, and resources in promoting and marketing its goods on and in connection with its PETER MILLAR mark and has developed considerable consumer recognition and goodwill in its PETER MILLAR mark. As a result, the company has established strong common law and federal trademark rights in the PETER MILLAR mark, which serves as one of the company's most valuable commercial assets.

B. Defendants' Unlawful Activities

14. Upon information and belief, on June 9, 2023, over two decades after the inception of the PETER MILLAR brand and Plaintiff's use of the PETER MILLAR mark, an individual Jinxu Wei ("Wei") formed the Fake Peter Millar Entity -- "Peter Millar LP" -- in the State of California. Attached hereto as Exhibit C is a true and correct printout of the Certificate of Limited Partnership from the State of California's Office of the Secretary of State online corporate records for the Fake Peter Millar Entity.

15. According to the State of California's Office of the Secretary of State online corporate records for the Fake Peter Millar Entity, Wei is the general partner of and the

3

agent for service of process for the Fake Peter Millar Entity, and has an address of 3830 Saco Road, Bakersfield, CA 93308.

16. Without Plaintiff's authorization, beginning after Plaintiff acquired protectable, exclusive rights in its PETER MILLAR mark and trade name, Defendants adopted the trade name "Peter Millar LP" that is nearly identical to Plaintiff's trade name and mark.

17. The trade name "Peter Millar LP" adopted by Defendants is nearly identical to Plaintiff's PETER MILLAR trade name and mark.

18. Plaintiff's trade under the PETER MILLAR trade name and mark has been diverted as a result of Defendants' adoption of the trade name "Peter Millar LP."

19. Current customers and prospective customers of Plaintiff are likely to be confused as a result of Defendants' adoption of the trade name "Peter Millar LP."

20. On May 6, 2025, Plaintiff's counsel sent a cease-and-desist letter to Wei and the Fake Peter Millar Entity via FedEx using Wei's registered agent's mailing address and the identified address of the principal office of the Fake Peter Millar Entity (3830 Saco Road, Bakersfield, CA 93308), in which Plaintiff's counsel objected to Defendants' use of the trade name "Peter Millar LP" and demanded the Defendants dissolve the Fake Peter Millar Entity and cease and desist using Peter Millar LP, or any mark or name consisting of or including PETER MILLAR. Attached hereto as <u>Exhibit D</u> is a true and correct copy of Plaintiff's counsel's May 6, 2025 cease-and-desist letter to Wei and the Fake Peter Millar Entity.

21. To date, Plaintiff has received no substantive response to its cease-and-desist letter and, after reasonable inquiry, has no evidence that Defendants have complied with the demands set out in Plaintiff's counsel's cease-and-desist letter.

22. Upon information and belief, Defendants' acts as alleged herein are likely to cause confusion, mistake, and deception among the relevant consuming public and are likely to deceive the relevant consuming public into believing, mistakenly, that the

4

Fake Peter Millar Entity is associated or affiliated with, or otherwise authorized by, Plaintiff.

23. Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff and Plaintiff's PETER MILLAR mark and trade name.

24. Upon information and belief, Defendants' acts are likely to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement
### 15 U.S.C. § 1114

25. Peter Millar repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

26. Peter Millar owns the PETER MILLAR Registrations and all of the associated goodwill for the PETER MILLAR mark, as described above.

27. Wei incorporated Plaintiff's PETER MILLAR mark into the entity name for the Fake Peter Millar Entity without Plaintiff's authorization, and the Fake Peter Millar Entity continues to use its confusingly similar name, and this unauthorized use of Plaintiff's registered PETER MILLAR mark in the entity name constitutes trademark infringement.

28. By the acts and omissions set forth above, Defendants have infringed and continue to infringe Peter Millar's federally registered trademark rights in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

29. Upon information and belief, Defendants' adoption of the trade name "Peter Millar LP," as well as other likely fraudulent activity using the PETER MILLAR mark, is likely to cause confusion, mistake, and deception among the general purchasing public as to the affiliation, connection, association, origin, sponsorship, or approval of

5

Defendants' goods, and interfere with Peter Millar's ability to use its marks to indicate a single quality control source of goods and services.

30. Upon information and belief, Peter Millar has suffered, is suffering, and will continue to suffer irreparable injury for which Peter Millar has no adequate remedy at law.

31. Peter Millar is therefore entitled to a preliminary and permanent injunction against further infringing conduct by Defendants, including, but not limited to, prohibiting Defendants from using the PETER MILLAR mark in their corporate name.

32. Upon information and belief, Defendants have profited and are profiting by such infringement.

33. Upon information and belief, Peter Millar has been, and is being, damaged by Defendants' infringement.

34. Peter Millar is therefore entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of Defendants' infringing activities.

## SECOND CLAIM FOR RELIEF
### False Designation of Origin and Unfair Competition
### 15 U.S.C. § 1125(a)

35. Peter Millar repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

36. Defendants' acts as alleged herein also constitute false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. Upon information and belief, Defendants' aforesaid conduct using the infringing Fake Peter Millar Entity name and PETER MILLAR mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' business and/or goods or services, in that government officials and/or

purchasers are likely to believe that Plaintiff authorizes or controls Defendants' business and/or goods or services, or that Defendants are associated with or authorized by Plaintiff to advertise, offer, or sell those goods or services, when they are not.

38. Upon information and belief, Defendants' use in commerce of the PETER MILLAR mark or marks confusingly similar to the PETER MILLAR mark in connection with Defendants' activities constitutes a false designation of the origin and/or sponsorship of Defendants' goods and services, and falsely describes and represents such business, goods, and services.

39. Defendants' conduct constitutes unfair competition that has violated, and unless restrained and enjoined by this Court will continue to violate, Peter Millar's trademark rights, and has caused irreparable harm, damage, and injury to Peter Millar's goodwill and business reputation.

40. Peter Millar has been and continues to be irreparably injured as a result of Defendants' infringement and wrongful acts, and has no adequate remedy at law. Peter Millar is therefore entitled to a permanent injunction against further infringing and unlawful conduct by Defendants.

41. Upon information and belief, Defendants have profited and are profiting by such infringement, and Peter Millar has been and is being damaged by such infringement.

42. Peter Millar is therefore entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of Defendants' infringing and unlawful activities.

## THIRD CLAIM FOR RELIEF
**Common Law Unfair Competition and Trademark Infringement**

43. Peter Millar repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

44. Peter Millar owns the PETER MILLAR Registrations and all of the associated goodwill for the PETER MILLAR mark, as described above.

7

45. Wei incorporated Plaintiff's PETER MILLAR mark into the entity name for the Fake Peter Millar Entity without Plaintiff's authorization, and the Fake Peter Millar Entity continues to use its confusingly similar name, and this unauthorized use of Peter Millar's registered mark in a company name constitutes trademark infringement under common law.

46. Upon information and belief, Defendants' further actions and conduct as alleged herein are likely to cause confusion, mistake, and deception to consumers as to the affiliation, connection, or association of Defendants with Peter Millar, and as to origin, affiliation, or sponsorship of Defendants' business, goods and services, and the apparent identity of the Fake Peter Millar Entity.

47. Upon information and belief, Defendants' unauthorized actions and conduct as alleged herein constitute unfair competition and trademark infringement in violation of California common law.

48. Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Peter Millar, including, but not limited to, injury to, Peter Millar's goodwill and business reputation.

49. Peter Millar has suffered, is suffering, and will continue to suffer irreparable injury for which Peter Millar has no adequate remedy at law. Peter Millar is therefore entitled to a permanent injunction against further infringing conduct by Defendants, including, but not limited to, prohibiting Defendants from using the PETER MILLAR mark in the Fake Peter Millar Entity's business name or any other business name.

50. Upon information and belief, Defendants have profited and are profiting by such infringement and unfair competition, and Peter Millar has been, and is being, damaged by their misconduct.

51.     Peter Millar is therefore entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of their infringement and unfair competition.

## FOURTH CLAIM FOR RELIEF
### California Statutory Unfair Competition: Fraudulent, Unfair, and Unlawful Business Practices
### Cal. Bus. & Prof. Code § 17200 *et seq*.

52.     Peter Millar repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

53.     As set forth herein, Defendants have misappropriated valuable rights of Peter Millar.

54.     Defendants engaged in unlawful, unfair, and/or fraudulent business practices by filing with the California Secretary of State to form the Fake Peter Millar Entity with the business name "Peter Millar LP," which infringes upon Plaintiff's PETER MILLAR mark and is nearly identical to Plaintiff's Peter Millar LLC entity name.

55.     Upon information and belief, Defendants have passed off goods and services as those of Peter Millar, are trading on the goodwill symbolized by the corporate name, "Peter Millar LLC," and the PETER MILLAR mark as alleged herein, and those acts are likely to cause confusion or mistake, or to deceive members of the consuming public and the trade.

56.     Upon information and belief, Defendants are knowingly using the mark PETER MILLAR, which is identical to Plaintiff's PETER MILLAR mark and is exclusively associated with Plaintiff's business. Defendants' acts constitute unfair competition in violation of Section 172000 of the California Business and Professions Code.

9

57. Upon information and belief, California consumers have been harmed, and will continue to be harmed as a direct, foreseeable, and proximate result of Defendants' actions, and are threatened with continued harm, which includes further consumer confusion.

58. As a direct result of Defendants' unlawful, unfair, and/or fraudulent conduct, Plaintiff has suffered harm because, upon information and belief, it is being impersonated before the public and government agencies within the United States.

59. As set forth herein, Defendants' willful conduct has caused and will continue to cause, unless restrained by this Court, serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Peter Millar prays as follows:

1. That Defendants, and each of them, their owners, partners, agents, servants, distributors, affiliates, employees, representatives, and all those in privity or acting in concert with Defendants or on their behalf, be permanently enjoined and restrained from, directly or indirectly:

   a. engaging in any activity that infringes Plaintiff's rights in its PETER MILLAR mark or trade name;

   b. engaging in any activity constituting unfair competition with Plaintiff;

   c. manufacturing, distributing, providing, selling, marketing, advertising, displaying, using, promoting, or authorizing any third party to manufacture, distribute, provide, sell, market, advertise, display, use, or promote any goods or services bearing or in connection with the mark PETER MILLAR or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's PETER MILLAR mark or trade name, including using the "Peter Millar LP" business name, or any other business name or mark

similar thereto, alone or in combination with other words, names, styles, titles, designs or marks;

d. Using in any other way any other mark or designation so similar to the PETER MILLAR marks that is likely to cause confusion, mistake, or deception as to an affiliation, connection, sponsorship, or endorsement of Defendants and/or their products or services by or with PETER MILLAR;

e. Representing or implying that Defendants are in any way authorized by, sponsored by, affiliated with, endorsed by, or licensed by Peter Millar;

f. Filing any materials with any government agency or official of any kind relating to PETER MILLAR or any of Peter Millar's trademarks, including, but not limited to, filing anything for the Fake Peter Millar Entity (other than materials to dissolve that entity), and engaging with any public office in any way relating to PETER MILLAR or the PETER MILLAR marks;

g. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants or Defendants' goods or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Peter Millar, or (ii) Peter Millar's goods or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendants;

h. using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Peter Millar or tend to do so;

11

      i. registering or applying to register any trademark, service mark, domain name, trade name, social media account, or other source identifier or symbol of origin consisting of or incorporating the mark PETER MILLAR or any other mark that infringes or is likely to be confused with the PETER MILLAR mark or trade name, or any goods or services of Peter Millar, or Peter Millar as their source;

      j. using, registering or applying to register any trade name, entity name, or "d/b/a" name consisting of or incorporating the mark PETER MILLAR or any other trade name, entity name, or "d/b/a" that infringes, is colorably similar to, or is likely to be confused with the PETER MILLAR mark or trade name; and

      k. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a.) through (j.).

2. For an order requiring Defendants to deliver to Peter Millar's attorneys within thirty (30) days after the entry of any injunction, to be impounded or destroyed by Peter Millar, all graphics, literature, signs, labels, prints, packages, wrappers, containers, advertising, and promotional materials, products, and any other written materials or items in Defendants' possession, custody, or control that bear the name "PETER MILLAR" and/or any confusingly similar version of the PETER MILLAR mark, including the "Peter Millar LP" business name or any other mark or name similar thereto, together with all means and materials for making or reproducing the same, pursuant to 15 U.S.C. § 1118, and other applicable laws;

3. For an order requiring Defendants to file with the Clerk of this Court and serve Peter Millar, within thirty (30) days after the entry of any preliminary or permanent injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with 1 through 2 above;

4. For an order instructing the California Secretary of State to update its records and take appropriate action in light of the foregoing injunction, including whatever administrative steps are necessary and appropriate to remove, dissolve, and/or mark as fraudulent the Fake Peter Millar Entity to ensure that it cannot be used to perpetrate further fraud, theft, or infringement;

5. For an award of Defendants' profits and Peter Millar's damages according to proof at trial;

6. For an order requiring Defendants to account for and pay to Peter Millar all gains, profits and advantages derived by Defendants from the unlawful activities alleged herein, and/or as a result of unjust enrichment;

7. For an award of pre-judgment and post-judgment interest at the highest rate allowed by law, as applicable;

8. For an award of Peter Millar's attorneys' fees, costs, and expenses, including but not limited to expert witness fees, incurred in this action, pursuant to 15 U.S.C. § 1117;

9. For punitive damages in an amount to be proven at trial; and

10. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

Dated: June 23, 2025        By:   /s/ Benjamin S. Akley
                                  Benjamin S. Akley
                                  Shamar Toms-Anthony
                                  *Attorneys for Plaintiff Peter Millar LLC*

13