UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER MILLAR, LLC,<br><br>           Plaintiff,<br><br>    v.<br><br>PETER MILLAR, LP,<br><br>           Defendant. | Case No. 1:25-cv-00761-CDB<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' *EX PARTE* MOTION FOR SERVICE OF SUMMONS AND COMPLAINT UPON THE CALIFORNIA SECRETARY OF STATE<br><br>(Doc. 7) |

**Background**

On June 23, 2025, Plaintiff Peter Millar, LLC ("Plaintiff"), initiated this action with the filing of a complaint against Defendant Peter Millar LP ("Defendant"). (Doc. 1). Plaintiff brings claims sounding in trademark infringement. *See id.* That same day, the Court issued summons for Defendant. (Doc. 5). Pending before the Court is Plaintiff's *ex parte* motion for service of summons and complaint upon the California Secretary of State, filed on July 2, 2025. (Doc. 7). Having considered Plaintiff's motion and the declaration and exhibits attached thereto, the Court shall deny the motion without prejudice for the reasons explained below.

**Legal Standard**

"A federal court does not have jurisdiction over a defendant unless the defendant has been properly served." *See* Fed. R. Civ. P. 4; *Direct Mail Specialists, Inc. v. Eclat Computerized Techs.,*

1

1 *Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.* (quoting *UFCW, Locals 197 & 373 v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)). However, "without substantial compliance with Rule 4, 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" *Id.* (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)).

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*.

Under the Federal Rules of Civil Procedure, an individual can be served by any of the following: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Rule 4 also provides that proper service can be made by "following state law for serving a summons in action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Pursuant to California law, a court is permitted to authorize service on a limited partnership by hand delivery to the California Secretary of State. *See* Cal. Corp. Code § 15901.16(c)(1). Service effected in this way is "deemed complete on the 10th day after delivery of the process to the Secretary of State." *Id.* A party requesting such service must show by affidavit that "process against a limited partnership … cannot be served with reasonable diligence upon the designated agent … by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20, or subdivision (a) of Section 415.30 of the Code of Civil Procedure …" *Id.*

California Civil Procedure Code section 415.10 allows for service by "personal delivery of a copy of the summons and of the complaint to the person to be served." Cal. Civ. Proc. Code § 415.10.

2

1  Section 415.20(a) allows for service "by leaving a copy of the summons and complaint during usual
2  office hours in his or her office … and by thereafter mailing a copy of the summons and complaint by
3  first-class mail, postage prepaid to the person to be served at the place where a copy of the summons
4  and complaint were left." *Id.* § 415.20(a).  Section 415.30(a) allows for service where copies of the
5  summons and complaint are "mailed (by first-class mail or airmail, postage prepaid) to the person to
6  be served, together with two copies of the notice and acknowledgement provided for in subdivision (b)
7  and a return envelope, postage prepaid, addressed to the sender." *Id.* § 415.30(a).

8        When determining whether a requesting party has exercised "reasonable diligence," a court
9  must examine "the affidavit to see whether the party took those steps a reasonable person who truly
10 desired to give notice would have taken under the circumstances.  The 'reasonable diligence'
11 requirement denotes a thorough, systematic investigation and inquiry conducted in good faith by the
12 party or his agent or attorney." *Freshko Produce Servs., Inc. v. ILA Prods., Inc.*, No. 1:19-CV-00017-
13 DAD-BAM, 2020 WL 4194019, at *4 (E.D. Cal. July 21, 2020) (citing *Donel, Inc. v. Badalian*, 87
14 Cal. App. 3d 327, 333 (1978) & *Kott v. Super. Ct.*, 45 Cal. App. 4th 1126, 1137 (1996)).

15 **<u>Discussion</u>**

16       Plaintiff asserts that, on June 24, 2025, its process server attempted service at the address listed
17 for both Defendant and its agent for service of process, Jinxu Wei, as provided in Defendant's most
18 recent filing with the California Secretary of State.  Plaintiff states the address where service was
19 attempted is 3830 Saco Road, Bakersfield, California 93308 (the "Bakersfield Address").  (Doc. 7 at
20 2; Doc. 7-1 ¶ 5).  Plaintiff asserts that the Bakersfield Address is, in fact, an office for the company
21 DHL.  The DHL representative informed the process server that they are not affiliated with Defendant
22 or Jinxu Wei.  *Id.*

23       Accompanying Plaintiff's motion is the declaration of counsel Shamar Toms-Anthony.  (Doc.
24 7-1).  Attached thereto as Exhibit A is the Certificate of Limited Partnership filed with the California
25 Secretary of State for Peter Millar, LP, dated June 9, 2023.  *Id.* at 5.  It provides the Bakersfield
26 Address as the principal address, the mailing address, and the address for the agent for service of
27 process, named as Jinxu Wei, who is also listed as the sole general partner.  The proof of service,
28 attached as Exhibit B to counsel's declaration, evidences three personal service attempts at the

Bakersfield Address, on June 24, June 26, and June 27, 2025, by process server Steven Rodriguez. Steven Rodriguez records that he was informed by the tenant that the Bakersfield Address is a DHL office and is not affiliated with Defendant or Jinxu Wei.  All three attempts were unsuccessful.  (Doc. 7-1 at 7-8).  Plaintiff states that it conducted extensive research to find a valid address at which to serve Defendant, including scouring publicly available information, and was unable to locate a valid address.  (Doc. 7 at 4; Doc. 7-1 ¶ 7-8).

A search of the California Secretary of State website confirms that the Certificate of Limited Partnership attached to counsel's declaration is, in fact, the most recent such certificate on file. Additionally, no other document on file provides an address for Jinxu Wei.[1]  As such, Plaintiff has sufficiently attempted personal service upon the listed address pursuant to California Civil Procedure Code § 415.10.

However, Plaintiff does not provide sufficient detail to satisfy the Court that it exercised "reasonable diligence" and conducted a thorough, systematic investigation in good faith when searching for a valid address at which to serve Defendant.  Counsel's declaration merely states that Plaintiff "conducted extensive research," which "included scouring publicly available information," and was unable to locate a valid address after "extensive research."  (Doc. 7-1 ¶ 7-8).  Counsel provides no further details as to the particulars of the investigation, such as how and when the search was conducted, which sources were examined, what methods were used, and what, if anything, was discovered.  *Cf. Freshko Produce Servs., Inc.*, 2020 WL 4194019, at *5 (finding service on California Secretary of State appropriate for suspended corporation defendant after plaintiff's counsel provided details of search method and results, such as investigation using online search engine, electronic records database, business directory, and two corporate data aggregators); *Canfield v. Axiom Debt LLC*, No. 19CV2015-MMA (JLB), 2019 WL 5788323, at *2-3 (S.D. Cal. Nov. 6, 2019) (finding the same for limited liability company defendant where plaintiff took steps to locate an alternate address which was also invalid).

Accordingly, the Court will deny without prejudice Plaintiff's *ex parte* motion for service upon

---

[1] California Secretary of State, "Business Search," available at https://bizfileonline.sos.ca.gov/search/business (last visited July 11, 2025).

4

the California Secretary of State.  Plaintiff may file a renewed motion with an accompanying affidavit setting forth in detail the steps it has taken in attempting to locate a valid address for Defendant.

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's *ex parte* motion for service upon the California Secretary of State (Doc. 7) is DENIED without prejudice to Plaintiff filing a renewed motion that remedies the deficiencies noted herein.

IT IS SO ORDERED.

Dated:   **July 15, 2025**

UNITED STATES MAGISTRATE JUDGE

5