UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER MILLAR, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PETER MILLAR, LP,<br><br>　　　　Defendant. | Case No. 1:25-cv-00761-CDB<br><br>ORDER GRANTING PLAINTIFF'S RENEWED *EX PARTE* MOTION FOR SERVICE OF SUMMONS AND COMPLAINT UPON THE CALIFORNIA SECRETARY OF STATE<br><br>(Doc. 9)<br><br>**14-DAY DEADLINE** |

**Background**

On June 23, 2025, Plaintiff Peter Millar, LLC ("Plaintiff"), initiated this action with the filing of a complaint against Defendant Peter Millar LP ("Defendant"). (Doc. 1). Plaintiff brings claims sounding in trademark infringement. *See id.* That same day, the Court issued summons for Defendant. (Doc. 5). On July 2, 2025, Plaintiff filed an *ex parte* motion for service upon the California Secretary of State. (Doc. 7). The Court denied the motion without prejudice on July 15, 2025. (Doc. 8). Pending before the Court is Plaintiff's renewed *ex parte* motion for service of summons and complaint upon the California Secretary of State, filed on July 28, 2025. (Doc. 9). Having considered Plaintiff's motion and the declaration and exhibits attached thereto, the Court shall grant the motion for the reasons explained below.

///

**Legal Standard**

"A federal court does not have jurisdiction over a defendant unless the defendant has been properly served." *See* Fed. R. Civ. P. 4; *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.* (quoting *UFCW, Locals 197 & 373 v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)). However, "without substantial compliance with Rule 4, 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" *Id.* (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)).

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*.

Under the Federal Rules of Civil Procedure, an individual can be served by any of the following: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Rule 4 also provides that proper service can be made by "following state law for serving a summons in action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Pursuant to California law, a court is permitted to authorize service on a limited partnership by hand delivery to the California Secretary of State. *See* Cal. Corp. Code § 15901.16(c)(1). Service effected in this way is "deemed complete on the 10th day after delivery of the process to the Secretary of State." *Id.* A party requesting such service must show by affidavit that "process against a limited partnership … cannot be served with reasonable diligence upon the designated agent … by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20, or subdivision (a) of Section

415.30 of the Code of Civil Procedure …" *Id.*

California Civil Procedure Code section 415.10 allows for service by "personal delivery of a copy of the summons and of the complaint to the person to be served." Cal. Civ. Proc. Code § 415.10. Section 415.20(a) allows for service "by leaving a copy of the summons and complaint during usual office hours in his or her office … and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." *Id.* § 415.20(a). Section 415.30(a) allows for service where copies of the summons and complaint are "mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgement provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender." *Id.* § 415.30(a).

When determining whether a requesting party has exercised "reasonable diligence," a court must examine "the affidavit to see whether the party took those steps a reasonable person who truly desired to give notice would have taken under the circumstances. The 'reasonable diligence' requirement denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Freshko Produce Servs., Inc. v. ILA Prods., Inc.*, No. 1:19-CV-00017-DAD-BAM, 2020 WL 4194019, at *4 (E.D. Cal. July 21, 2020) (citing *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978) & *Kott v. Super. Ct.*, 45 Cal. App. 4th 1126, 1137 (1996)).

**Discussion**

Plaintiff asserts that, on June 24, 2025, its process server attempted service at the address listed for both Defendant and its agent for service of process, Jinxu Wei, as provided in Defendant's most recent filing with the California Secretary of State. Plaintiff states the address where service was attempted is 3830 Saco Road, Bakersfield, California 93308 (the "Bakersfield Address"). (Doc. 9 at 2-3; Doc. 9-1 ¶¶ 5-6). Plaintiff asserts that the Bakersfield Address is, in fact, an office for the company DHL. The DHL representative informed the process server that they are not affiliated with Defendant or Jinxu Wei. *Id.*

Accompanying Plaintiff's motion is the declaration of counsel Shamar Toms-Anthony. (Doc. 9-1). Attached thereto as Exhibit 1 is the Certificate of Limited Partnership filed with the California Secretary of State for Peter Millar, LP, dated June 9, 2023. *Id.* at 7. It provides the Bakersfield Address

as the principal address, the mailing address, and the address for the agent for service of process, named as Jinxu Wei, who is also listed as the sole general partner. *Id.* The proof of service, attached as Exhibit 2 to counsel's declaration, evidences three personal service attempts at the Bakersfield Address, on June 24, June 26, and June 27, 2025, by process server Steven Rodriguez. Steven Rodriguez records that he was informed by the tenant that the Bakersfield Address is a DHL office and is not affiliated with Defendant or Jinxu Wei. All three attempts were unsuccessful. *Id.* at 9-10.

Plaintiff states that it engaged an investigator who attempted to locate Defendant and Jinxu Wei, including their addresses and contact information, without success. (Doc. 9 at 3; Doc. 9-1 ¶ 8). Plaintiff further represents that it conducted extensive research to find a valid address at which to serve Defendant, including scouring publicly available information and databases, such as the California Secretary of State and Department of Real Estate's lookups, Google web searches, Open Corporates, LexisNexis Public Records, Moody's Analytics' Business Directory, and Bizprofile, and was unable to locate a valid address. (Doc. 9 at 3; Doc. 9-1 ¶¶ 7, 9). Attached as exhibits to Plaintiff's counsel's declaration are copies of results from searches conducted from July 22 to July 24, 2025, namely Open Corporates (Doc. 9-1, Ex. 3), LexisNexis Public Records (*id.*, Ex. 4), California Secretary of State Business Search (*id.*, Ex. 5), Moody's Analytics' Business Directory (*id.*, Ex. 6), Bizprofile (*id.*, Ex. 7), and the California Department of Real Estate's public license lookup (*id.*, Ex. 8).

A search of the California Secretary of State website confirms that the Certificate of Limited Partnership attached to counsel's declaration is, in fact, the most recent such certificate on file. Additionally, no other document on file provides an address for Jinxu Wei.[1] As such, Plaintiff has sufficiently attempted personal service upon the listed address pursuant to California Civil Procedure Code § 415.10.

In its renewed motion, Plaintiff has provided sufficient detail to satisfy the Court that it exercised "reasonable diligence" and conducted a thorough, systematic investigation in good faith when searching for a valid address at which to serve Defendant. It is clear Plaintiff cannot leave a copy of the summons and complaint during usual office hours and thereafter mail a copy of the summons and complaint by

---

[1] California Secretary of State, "Business Search," available at https://bizfileonline.sos.ca.gov/search/business (last visited July 29, 2025).

4

first-class mail, pursuant to California Civil Procedure Code § 415.20(a), as the address on file is not Defendant's address. And Plaintiff cannot complete service, pursuant to California Civil Procedure Code § 415.30(a), by mailing the service documents because no address for Jinxu Wei can be located.

Thus, Plaintiff has sufficiently shown that service cannot be completed with reasonable diligence by the methods set forth in California Corporations Code § 15901.16(c)(1). *See Freshko Produce Servs., Inc.*, 2020 WL 4194019, at *5 (finding service on California Secretary of State appropriate for suspended corporation defendant where plaintiff's affidavit evidenced reasonable diligence and inability to effectuate service pursuant to Cal. Civ. Proc. Code §§ 415.10, 415.20(a), and 415.30(a)); *see also Canfield v. Axiom Debt LLC*, No. 19CV2015-MMA (JLB), 2019 WL 5788323, at *2-3 (S.D. Cal. Nov. 6, 2019) (finding the same for limited liability company defendant).

Accordingly, the Court will grant Plaintiff's renewed request for service of the summons and complaint upon the California Secretary of State.

**Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's renewed *ex parte* motion for service upon the California Secretary of State (Doc. 9) is GRANTED.

It is FURTHER ORDERED that Plaintiff shall file a notice, no later than 14 days from the date of issuance of this order, evidencing service upon the California Secretary of State in accordance with the requirements set forth in Cal. Corp. Code § 15901.16.

IT IS SO ORDERED.

Dated:   **July 29, 2025**

UNITED STATES MAGISTRATE JUDGE