UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER MILLAR, LLC,<br>Plaintiff,<br>v.<br>PETER MILLAR, LP,<br>Defendant. | Case No. 1:25-cv-00761-KES-CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFAULT JUDGMENT, AND CLOSING CASE<br><br>Docs. 15, 24 |

Plaintiff Peter Millar, LLC ("Plaintiff"), initiated this action with the filing of a complaint on June 23, 2025, against Defendant Peter Millar, LP, asserting claims of trademark infringement, false designation of origin, and unfair competition under the Lanham Act, as well as common law unfair competition and trademark infringement and violation of California's unfair competition law. Doc. 1. Defendant has not entered an appearance in this action nor opposed the pending motion for default judgment. Doc. 15.

On April 3, 2026, following a hearing on Plaintiff's motion at which Defendant failed to appear (Doc. 20), the assigned magistrate judge issued findings and recommendations to grant default judgment on Plaintiff's claims and to enter a permanent injunction against Defendant. *See* Doc. 24.

The magistrate judge found that the Court had jurisdiction over the action (*id.* at 5-6) and that service of process was adequate (*id.* at 6-8). The magistrate judge analyzed the factors set forth

in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), finding that possibility of prejudice to the Plaintiff weighed in favor of granting default judgment. *Id.* at 8. Evaluating the sufficiency of the complaint and the likelihood of success on the merits, the magistrate judge found that the complaint adequately alleges the elements of the causes of action at issue and that this factor weighs in favor of granting the motion. *Id.* at 8-10.

The magistrate judge found that Plaintiff seeks a permanent injunction and does not seek monetary damages. *Id.* at 10. The magistrate judge found that no factual dispute exists that would preclude entry of default judgment, that the default was not the result of excusable neglect, and that the policy of deciding cases on the merits did not weigh against default judgment due to Defendant's refusal to participate in this action. *Id.* at 10-12.

After determining that entry of default judgment was warranted, the magistrate judge considered Plaintiff's requested relief. After examining the relevant authority, the magistrate judge recommended a modified permanent injunction that does not compel non-party the California Secretary of State to carry out certain actions requested by Plaintiff. *Id.* at 12-16.

The parties had 14 days after service of the findings and recommendations to file objections thereto. *Id.* at 18. The parties were advised that a "failure to file any objections within the specified time may result in the waiver of certain rights on appeal." *Id.* at 19 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)). Neither party filed objections and the time to do so has passed. Defendant made no appearance of any kind in this action.

In accordance with 28 U.S.C. § 636(b)(1), this court conducted a de novo review of this case. Having carefully reviewed the file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Thus, the Court ORDERS:

1. The findings and recommendations issued on April 3, 2026, Doc. 24, are ADOPTED IN FULL;
2. Plaintiff's motion for default judgment, Doc. 15, is GRANTED;
3. The Clerk of the Court is directed to enter default judgment in favor of Plaintiff and against Defendant for trademark infringement in violation of 15 U.S.C. § 1114, false

designation of origin in violation of 15 U.S.C. § 1125(a), unfair competition and trademark infringement under California common law, and unfair competition in violation of California Business & Professions Code § 17200, *et seq.*;

4. Defendant is permanently enjoined and restrained from:

a. Engaging in any activity that infringes Plaintiff's rights in its PETER MILLAR mark or trade name;

b. Engaging in any activity constituting unfair competition with Plaintiff;

c. Manufacturing, distributing, providing, selling, marketing, advertising, displaying, using, promoting, or authorizing any third party to manufacture, distribute, provide, sell, market, advertise, display, use, or promote any goods or services bearing or in connection with the mark PETER MILLAR or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's PETER MILLAR mark or trade name, including using the "Peter Millar LP" business name, or any other business name or mark similar thereto, alone or in combination with other words, names, styles, titles, designs or marks;

d. Using in any other way any other mark or designation so similar to the PETER MILLAR marks that is likely to cause confusion, mistake, or deception as to an affiliation, connection, sponsorship, or endorsement of Defendant and/or their products or services by or with PETER MILLAR;

e. Representing or implying that Defendant is in any way authorized by, sponsored by, affiliated with, endorsed by, or licensed by Peter Millar;

f. Filing any materials with any government agency or official of any kind relating to PETER MILLAR or any of Peter Millar's trademarks, including, but not limited to, filing anything for the Defendant (other than materials to dissolve that entity), and engaging with any public office in any way relating to PETER MILLAR or the PETER MILLAR marks;

g. Making or displaying any statement, representation, or depiction that is likely to

lead the public or the trade to believe that (i) Defendant or Defendant's goods or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's goods or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendant;

h. Using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

i. Registering or applying to register any trademark, service mark, domain name, trade name, social media account, or other source identifier or symbol of origin consisting of or incorporating the mark PETER MILLAR or any other mark that infringes or is likely to be confused with the PETER MILLAR mark or trade name, or any goods or services of Plaintiff;

j. Using, registering or applying to register any trade name, entity name, or "d/b/a" name consisting of or incorporating the mark PETER MILLAR or any other trade name, entity name, or "d/b/a" that infringes, is colorably similar to, or is likely to be confused with the PETER MILLAR mark or trade name; and

k. Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a.) through (j.).

5. Defendant SHALL deliver to Plaintiff's attorneys **within thirty (30) days** after entry of this order, to be impounded or destroyed by Plaintiff, all graphics, literature, signs, labels, prints, packages, wrappers, containers, advertising, and promotional materials, products, and any other written materials or items in Defendant's possession, custody, or control that bear the name "PETER MILLAR" and/or any confusingly similar version of the PETER MILLAR mark, including the "Peter Millar LP" business name or any other mark or name similar thereto, together with

all means and materials for making or reproducing the same, pursuant to 15 U.S.C. § 1118, and other applicable laws;

6. Defendant SHALL serve on Plaintiff, **within thirty (30) days** after entry of this order, a report in writing setting forth in detail the manner and form in which Defendant has complied with the above;

7. Plaintiff SHALL serve this order upon Defendant by substitute service on the California Secretary of State and promptly file proof of service thereof; and

8. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: September 25, 2026

UNITED STATES DISTRICT JUDGE